IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRISTINE S. LYONS, on behalf of herself and similarly situated employees,<br>　　　　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>CITIZENS FINANCIAL GROUP, INC., and RBS CITIZENS, N.A. (d/b/a Citizens Bank),<br>　　　　　　　　　　　Defendants. | CIVIL ACTION No. _____<br><br>JURY TRIAL DEMANDED |

## CLASS ACTION COMPLAINT

Plaintiff Christine S. Lyons ("Plaintiff"), on behalf of herself and similarly situated employees, bring this class action lawsuit against Defendants Citizens Financial Group, Inc., and RBS Citizens, N.A. (d/b/a Citizens Bank) (collectively "Defendants"), seeking all available relief under the Massachusetts Wage Act ("MWA"), Mass. Gen. Laws ch. 151, §§ 1A and 1B. Plaintiff's MWA claims are asserted as a class action pursuant to Federal Rule of Civil Procedure 23.[1] The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## JURISDICTION AND VENUE

1.　　Jurisdiction over Plaintiff's MWA claim is proper under 28 U.S.C. § 1332(d) because a member of the proposed class is a citizen of a different state than one of the defendants and the matter in controversy exceeds the sum of $5,000,000.00 exclusive of interest and costs.

---

[1] Until recently, Plaintiff was a putative member of the MWA subclass in a "hybrid" class/collective action pending in the Western District of Pennsylvania and entitled *Bell, et al. v Citizens Financial Group, Inc.*, 2:10-cv-00320-GLL (W.D. Pa.). However, on June 8, 2011, the Bell Court dismissed the MWA class action claims after concluding that state law class action claims cannot proceed alongside FLSA collective action claims in the same lawsuit. *See Bell v. Citizens Financial Group, Inc.*, 2011 U.S. Dist. LEXIS 64629 (June 8, 2011 W.D. Pa.) Thus, absent reversal of the *Bell* Court's June 8 decision, Plaintiff is no longer covered by *Bell*'s MWA class action claim.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), inasmuch as the Defendants have offices, conduct business and can be found in the District of Massachusetts, and the cause of action set forth herein has arisen and occurred in part in the District of Massachusetts.  Venue is also proper under 29 U.S.C. §1132(e)(2) because Defendants have substantial business contacts within the Commonwealth of Massachusetts.

## PARTIES

3. Lyons is an individual residing in Whitman, Massachusetts.

4. Defendant Citizens Financial Group, Inc. ("CFG") is a financial holding company and a Delaware Corporation doing business in the state of Massachusetts.  CFG's principal place of business is located at One Citizens Plaza, Providence, Rhode Island.

5. Defendant RBS Citizens, N.A. is a corporate entity headquartered at One Citizens Plaza, Providence, Rhode Island.

6. Defendant RBS Citizens, N.A. is a wholly-owned bank subsidiary of CFG.  RBS Citizens, N.A. and CFG jointly operate hundreds of retail bank branches under the "Citizens Bank" brand throughout Pennsylvania, New Jersey, Delaware, Connecticut, Massachusetts, New Hampshire, New York, Rhode Island and Vermont.

7. Defendants CFG and RBS Citizens, N.A., are collectively referred to herein as "Defendants."

8. Defendants are engaged in the interstate commerce and/or in the production of goods for commerce.

9. Defendants are employers covered by the MWA.

## FACTS PERTAINING TO PLAINTIFF

10. From approximately August 2007 until March 4, 2011, Plaintiff was employed by Defendants as an Assistant Branch Manager ("ABM") and was assigned to Defendants' branches located in Hanover and Quincy, Massachusetts. The following factual allegations pertain to Plaintiff's employment as an ABM.

11. Plaintiff's primary duties did not include managing either her assigned branch or any department or subdivision thereof.

12. Plaintiff spent the great majority of her time performing the same duties as hourly nonexempt personal bankers and tellers. These duties included, *inter alia*, servicing bank customers and performing basic, non-managerial bank teller duties.

13. Plaintiff did not have the authority to hire or fire other employees and did not make any suggestions or recommendations as to the hiring, firing, advancement, promotion or other change of status of employees.

14. Plaintiff did not perform job evaluations of other employees.

15. Plaintiff did not have the authority to set or adjust other employees' rates of pay or hours of work.

16. Plaintiff did not customarily and regularly direct the work of two or more employees.

17. Plaintiff did not perform work directly related to the management or general business operations of Defendants or Defendants' customers.

18. Plaintiff did not exercise discretion or independent judgment with respect to matters of significance.

19. Plaintiff did not make any decisions regarding the branch's financial budget such as planning or controlling the branch's budget.

20. Plaintiff was paid a set salary for her work regardless of the hours that she worked per work week.

21. Plaintiff often worked in excess of 50 hours per workweek. In particular, Plaintiff currently estimates that she worked 50-60 hours during a typical workweek

22. Defendants did not pay Plaintiff any premium or overtime compensation for hours worked over 40 during the workweek.

## FACTS PERTAINING TO DEFENDANTS

23. In addition to Plaintiff, Defendants employ hundreds of ABMs at their Citizens Bank branch locations throughout Pennsylvania, New Jersey, Delaware, Connecticut, Massachusetts, New Hampshire, New York, Rhode Island and Vermont.

24. Regardless of branch location, Defendants' ABMs are paid a fixed salary.

25. Regardless of branch location, Defendants' ABMs regularly work in excess of 40 hours per week.

26. Regardless of branch location, Defendants' ABMs receive no compensation for hours worked over 40 during the workweek.

27. Regardless of branch location, Defendants' ABMs work pursuant to companywide practices and procedures that strictly limit their ability to perform meaningful executive or administrative functions within the branch locations.

28. Regardless of branch locations, Defendants' ABMs assigned to branches within the Commonwealth of Massachusetts were classified by Defendants as exempt from the overtime requirements of the MWA.

29. Defendants have acted willfully and with reckless disregard of clearly applicable MWA provisions by failing to compensate Plaintiff and the class members for hours worked in excess of 40 during the workweek and, with respect to such hours, failing to compensate Plaintiff and other ABMs based upon the overtime premium pay rate of one and one-half times their regular pay rate.

## CLASS ACTION ALLEGATIONS UNDER THE MWA

30. Plaintiff brings her MWA claim as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of the following class (the "Massachusetts Class"):

> All Assistant Branch Managers employed at Citizens Bank retail branches in Massachusetts during any workweek since March 10, 2008 who were paid a salary and classified by Defendants as exempt from the MWA's overtime pay mandates.

31. Class action treatment of Plaintiff Lyon's MWA claim is appropriate because, as alleged in paragraphs 32-38 *infra*, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

32. The Massachusetts Class includes over two hundred individuals and, as such, is so numerous that joinder of all class members is impracticable.

33. Plaintiff Lyon is a member of the Massachusetts Class, and her MWA claim is typical of the claims of other Massachusetts Class members. For example, Plaintiff Lyon and the Massachusetts Class members share an identical legal and financial interest in obtaining a judicial finding that Defendants violated the MWA when it failed to pay them overtime compensation for hours worked over 40 in a single workweek. Plaintiff Lyon has no interests that are antagonistic to or in the conflict with the Massachusetts Class's collective interest in obtaining such a judicial finding.

34. Plaintiff Lyon will fairly and adequately represent the interests of the Massachusetts Class, and she has retained competent and experienced counsel who will effectively represent the interests of the Massachusetts Class.

35. Questions of law and fact are common to the class. The Plaintiff and the Massachusetts Class have been subjected to the common business practices described in paragraphs 24-29 *supra*, and the success of their claims depends on the resolution of common questions of law and fact. Common questions of fact include whether the Defendants paid any overtime premium for hours worked in excess of forty per work week and whether the Plaintiff and the Massachusetts class worked in excess of forty hours per work week. Common questions of law include, *inter alia*, whether, Defendants' company-wide practice of paying ABMs at their branches a salary and classifying them as exempt from overtime compensation violated the MWA.

36. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(1) because the prosecution of separate actions by individual Massachusetts Class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendants and/or because adjudications with respect to individual class members would as a practical matter be dispositive of the interests of non-party Massachusetts Class members.

37. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(2) because Defendants acted or refused to act on grounds generally applicable to the class, making appropriate declaratory and injunctive relief with respect to Plaintiff Lyon and the Massachusetts Class as a whole. The Massachusetts Class is entitled to injunctive relief to end Defendants'

common, illegal failure to compensate Massachusetts Class members with overtime compensation for hours worked over 40 in a single workweek.

38. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact, as referenced in paragraph 35 *supra*, predominate over any questions affecting only individual Massachusetts Class members. In the absence of class litigation, such common questions of law and fact would need to be resolved in multiple proceedings, making class litigation superior to other available methods for the fair and efficient adjudication of this litigation.

## **COUNT I**
### (Alleging MWA Violations)

39. All previous paragraphs are incorporated as though fully set forth herein.

40. Defendants are employers covered by the overtime pay mandates of the MWA, and Plaintiff Lyon is an employee entitled to the MWA's protections.

41. The MWA requires that "no employer in [Massachusetts] shall employ any of his employees in an occupation . . . for a work week longer than forty hours, unless such employee receives compensation for his employment in excess of forty hours at a rate not less than one and one half times the regular rate at which he is employed. *See* Mass. Gen. Laws ch. 151, § 1A.

42. Defendants violated the MWA by failing to compensate Plaintiff Lyon and Massachusetts Class members for hours worked in excess of 40 during the workweek and, with respect to such hours, failing to compensate Plaintiff Lyon and the Massachusetts Class based upon the overtime premium pay rate of one and one-half times their regular pay rate.

43. In violating the MWA, Defendants acted willfully and with reckless disregard of clearly applicable MWA provisions.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of herself and the Massachusetts Class Members, seeks the following relief:

a. Designation of this action as a class action under FED.R.CIV.P. 23 on behalf of the Massachusetts Class Members and issuance of notice to said members apprising them of the pendency of this action;

b. Designation of Christine S. Lyons as Representative Plaintiff of the Massachusetts Class Members;

c. Designation of DAVISON LAW, LLC, Donelon, P.C., and the Winebrake Law Firm, L.L.C. as the attorneys representing the Massachusetts Class Members;

d. A declaratory judgment that the practices complained of herein are unlawful under the MWA;

e. An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

f. An award of damages for overtime compensation due for the Plaintiff and Massachusetts Class Members, including liquidated, or penalty damages allowed under the MWA and Massachusetts law, to be paid by Defendants;

g. Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

h. Pre-Judgment and Post-Judgment interest, as provided by law; and

i. Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

**JURY TRIAL DEMANDED**

Plaintiffs demand a jury trial as to all claims so triable.

Date: July 5, 2011                          DAVISON LAW, LLC

/s/ Juliet A. Davison
Juliet A. Davison (BBO #562289)
280 Summer Street, 5th fl.
Boston, MA 02210
Phone: (617) 345-9990
Fax: (617) 345-9989
Email: juliet@davisonlawllc.com


Peter Winebrake (*pro hac vice admission anticipated*)
R. Andrew Santillo (*pro hac vice admission anticipated*)
THE WINEBRAKE LAW FIRM, LLC
Twining Office Center, Suite 211
715 Twining Road
Dresher, PA 19025
Phone: (215) 884-2491
Fax: (215) 884-2492
Email: pwinebrake@winebrakelaw.com
          asantillo@winebrakelaw.com

Brendan J. Donelon (*pro hac vice admission anticipated*)
Daniel W. Craig (*pro hac vice admission anticipated*)
DONELON, P.C.
802 Broadway, 7th Floor
Kansas City, Missouri 64105
Phone: (816) 221-7100
Fax:   (816) 472-6805
Email:  brendan@donelonpc.com
          dan@donlonpc.com

*Attorneys for Plaintiffs*