UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-11187-GAO

CHRISTINE LYONS,
Plaintiff,

v.

CITIZENS FINANCIAL GROUP, INC., and RBS CITIZENS, N.A.,
Defendants.

ORDER
July 9, 2012

O'TOOLE, D.J.

Count I of the complaint in this action asserts claims for unpaid overtime due under the Massachusetts Wage Act ("MWA") on behalf of persons who are or have been employed by the defendants as Assistant Branch Managers ("ABMs") at Citizens Bank locations in Massachusetts. The plaintiff seeks to certify this action as a class action pursuant to Fed. R. Civ. P. 23, and has moved to certify the class of ABMs. After consideration of the submissions and oral arguments, I conclude that the Motion (dkt. no. 11) for Class Certification should be GRANTED.

The prerequisites of Rule 23(a) to establish a class action have been satisfied. First, the class of ABMs is sufficiently numerous to make joinder impracticable. Second, there are questions of law and fact common to the class of ABMs. Third, the interests of the named plaintiff are typical of the claims of the class. Finally, the named plaintiff is an adequate representative of the class and its interests.

I also conclude that, because the central question here is whether or not ABMs qualify for exemption under the MWA, this question common to all members predominates over individual questions. Further, given the defendant's blanket exemption of ABMs and blanket training, policy and performance standards for ABMs, common answers to this question are likely to predominate. See Wal-Mart Stores, Inc. v. Dukes, 564 U.S. ----, 131 S.Ct. 2541, 2552 (2011). For this reason, the class action determination of the proper categorization of ABMs under the MWA is superior to individual adjudication in satisfaction of Rule 23(b)(3).

The prerequisites and conditions to a class certification are met. The following class is certified:

> All Assistant Branch Managers employed at Citizens Bank retail branches in Massachusetts during any workweek since March 10, 2008 who were paid a salary and classified by defendants as exempt from the Massachusetts Wage Act's overtime pay mandates.

The parties are directed to confer concerning the notice to be sent to potential class members as well as the method of service. The parties' joint proposal shall be submitted to the Court within 28 days of the entry of this Order.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge